KNOX COMMUNITY SCHOOL CORPORATION ET AL. *v.* NORMAN L. MCCURDY AND PEGGY BRETTIN

[No. 3-676A133. Filed September 29, 1977.]

*Reed and Ward*, of Knox, for appellants.

*Charles W. Weaver, Nichols & Nichols*, of Knox, for appellees.

PER CURIAM — This appeal arose under the provisions of IC 1971, 20-4-10.1-1 *et seq.* concerning reorganization of school boards. The statute provides that such changes may be initiated either by the governing body of the school corporation or by the voters in the school corporation. IC 1971, 20-4-10.1-5. Provision is made for notice, remonstrance and alternative plans regardless of where the proposal originates. A proposal from the voters must be submitted to the governing body of the school corporation, but if the governing body does not act within thirty days it shall be deemed to have disapproved the plan. IC 1971, 20-4-10.1-7. While governing body approval of a plan may permit its implementation unless a protest is filed, governing body disapproval does no more than trigger the requirement for a special election by the voters. IC 1971, 20-4-10.1-8, 10.

Where the proposed reorganization is submitted by the voters, the statute requires that the petition be supported by twenty percent (20%) or more of the voters of the school corporation. IC 1971, 20-4-10.1-5. The purpose of this provision is to insure sufficient interest in the plan to make it worthwhile to complete the statutory proceedings while preserving the right of the people to seek change in the organization of their school corporations.

In the present case the governing body refused to act upon a petition upon grounds that it did not meet all the requirements of IC 1971, 20-4-10.1-6 concerning voter-initiated proposals. While the appeal was pending a special election was conducted pursuant

to the statute on November 2, 1976. The results of that election, as certified, approve the petitioned-for reorganization by a vote of 2236 to 351. That result renders harmless any error in the showing of necessary interest for the conduct of an election.

This appeal is therefore dismissed as moot.

NOTE—Reported at 367 N.E.2d 1108.